IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IRENE A. ANDERSON, #37393-177, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:10-CV-1550-B (BK) |
| § | | |
| WARDEN JOE KEFFER, § | | |
| Respondent. § | | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for findings, conclusions, and recommendation.

## I. BACKGROUND

This is a *pro se*, fee-paid petition for a writ of habeas corpus filed by a federal prisoner pursuant to 28 U.S.C. § 2241. Petitioner is currently confined within the Federal Bureau of Prisons (BOP) at FMC Carswell in Fort Worth, Texas. Respondent is the Warden of FMC Carswell. The court did not issue process in this case pending preliminary screening.

Petitioner pled guilty to mail fraud and aiding and abetting, in violation of 18 U.S.C. §§ 2 and 1341, as alleged in count three of the indictment. The District Court sentenced Petitioner to 46 months' imprisonment, to be followed by a three-year term of supervised release. *United States v. Anderson*, 3:08-CR-134-B (N.D. Tex. 2008), *appeal dism. as frivolous*, 356 Fed. Appx. 702 (5th Cir. Dec. 15, 2009) (unpublished *per curiam*). Thereafter, Petitioner unsuccessfully challenged her conviction under 28 U.S.C. § 2255. *See Anderson v. United States*, 2010 WL 2367354 (N.D. Tex. Jun. 7, 2010) (No. 3:10-CV-0227-B). An appeal is pending in the Court of Appeals for the Fifth Circuit (case number 10-10642).

In this action, Petitioner alleges that her offense of conviction is no longer cognizable as a crime after the Supreme Court's decisions in *Skilling v. United States*, ___ U.S. ___, 130 S.Ct. 2896 (2010), *Black v. United States*, ___ U.S. ___, 130 S.Ct. 2963 (2010), and *Weyhrauch v. United States*, ___ U.S. ___, 130 S.Ct. 2971 (2010). She seeks relief under 28 U.S.C. § 2241. Because Petitioner cannot meet the requirements of the savings clause under 28 U.S.C. § 2255(e), however, the petition should be **DISMISSED** for lack of jurisdiction.[1]

## II. ANALYSIS

A motion under section 2255 provides the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (*per curiam*) (citing *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000) (*per curiam*)); *see also Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005) (*per curiam*). However, "[w]hile § 2241 is more typically used to challenge the execution of a prisoner's sentence, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes-Requena v. United States,* 243 F.3d 893, 900-01 (5th Cir. 2001)); *see also Padilla*, 416 F.3d at 426. Under the "savings clause" of section 2255(e), the petitioner

---

[1] Because Petitioner is incarcerated within the Northern District of Texas, this court has jurisdiction to determine whether she may proceed under section 2241. *See Padilla*, 416 F.3d at 426 ("Only the custodial court has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255."); *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999) (same).

has the burden of showing that the section 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Jeffers*, 253 F.3d at 830.[2]

At the outset, Petitioner fails to show that the section 2255 remedy is either inadequate or ineffective in her case. She cannot rely on section 2241 to avoid procedural hurdles presented under section 2255, such as the one-year statute of limitations or the restriction on filing second or successive motions to vacate. *See Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000) (citing *Tolliver*, 211 F.3d at 878) (holding that prior, unsuccessful section 2255 motion, the limitations bar, and successiveness do not render the section 2255 remedy inadequate or ineffective).

Moreover, it is well established that "the savings clause of § 2255 applies to a claim of actual innocence '(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion.'" *Padilla*, 416 F.3d at 426 (quoting *Reyes-Requena*, 243 F.3d at 904); *see also Christopher*, 342 F.3d at 382. The Court need not look beyond the first of these requisites to conclude that Petitioner cannot prevail. Petitioner cannot demonstrate that she was convicted of a nonexistent offense.

---

[2] The so-called "savings clause" provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention*." 28 U.S.C. § 2255(e) (emphasis added).

In *Skilling*,³ the Supreme Court held that 18 U.S.C. § 1346 (the "honest services" fraud statute) criminalizes only bribery and kickback schemes, i.e., fraudulently depriving another of one's honest services by accepting bribes or kickbacks. *Skilling*, 130 S. Ct. at 2933. Here, Petitioner was convicted of mail fraud, under 18 U.S.C. § 1341 (count three of the indictment), and there were no allegations of honest services fraud. *United States v. Anderson*, No. 3:08-CR-134-B(01) (Doc. # 7). Further, Petitioner admitted in support of her guilty plea that she defrauded the Department of Health and Human Services by causing it to issue a Medicare provider number to a company ostensibly owned by another, while concealing the fact that she was the actual owner of that company. *Id.* (Doc. # 19). Thus, the Supreme Court's holding in *Skilling* is neither relevant nor applicable to her conviction.

Having failed to establish that the section 2255 remedy is inadequate or ineffective, Petitioner's claims do not fall within the savings clause of section 2255(e). Moreover, she cannot establish that the conduct for which she was convicted was decriminalized by *Skilling*. Accordingly, Petitioner is not entitled to relief under section 2241 and her petition should be dismissed without prejudice for want of jurisdiction. *See Christopher*, 342 F.3d at 385 (remanding a case for dismissal for lack of jurisdiction because petitioner failed to show that the section 2255 remedy was inadequate or ineffective).

---

³ In the three cases cited by Petitioner, the Supreme Court contemporaneously considered the issue of the constitutionality of the honest services fraud statute, with *Skilling* resulting in the Court's lead opinion.

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be **DISMISSED** for lack of jurisdiction.

SIGNED October 20, 2010.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE